James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALLTECH, INC.,

                                           17 Civ.

        Plaintiff,

    - against -                    **COMPLAINT**

M.V. BREMEN EXPRESS, *in rem*, VANGUARD
LOGISTICS (USA), INC. dba DIRECT
CONTAINER LINE dba DCL, NIPPON YUSEN
KAISHA (NYK LINE) and HAPAG-LLOYD
AKTIENGESELLSCHAFT,

        Defendants.
-------------------------------------------------------------X

      Plaintiff, ALLTECH, INC., by and through its attorneys, Casey & Barnett LLC, as and

for its Amended Complaint, alleges upon information and belief as follows:

## JURISDICTION

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the

provisions contained in the OOCL bill of lading, which mandates that jurisdiction for all claims

arising under its bill of lading shall be in this district.

## PARTIES

      2.      At all material times, ALLTECH, INC. (hereinafter "ALLTECH" or "Plaintiff")

was and is a corporation with an office and place of business located at 15 Mountainview Road,

Warren, New Jersey 07059, and is the subrogated underwriter of the consignment of Clothin, as more specifically described below.

3.     At all material times, Garan Inc. (hereinafter "Garan" or "Plaintiff") was and is a corporation with an office and place of business located at 200 Madison Avenue, New York, New York 10016, and is consignee and owner of a consignment of Clothing, as more specifically described below.

4.     At all material times, Defendant, VANGUARD LOGISTICS (USA), INC. dba DIRECT CONTAINER LINE dba DCL   (hereinafter "Defendant" or "DCL") was and is a corporation with an office and place of business located at 760 Port Carteret Drive, Carteret, New Jersey 07008 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

5.     At all material times, defendant, Defendant, NIPPON YUSEN KAISHA (NYK LINE) (hereinafter "NYK") is a foreign corporation or other business entity duly organized and existing under and by virtue of the laws of the sovereign of Japan and does business regularly in the United States of American with an office and place of business c/o NYK LINE NORTH AMERICA, at 300 Lighting Way, Secaucus, New Jersey 07094 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a vessel owning common carrier of goods for hire.

6.     At all material times, defendant, Hapag-Lloyd Aktiengesellschaft (hereinafter "Defendant" or "HL") was and is a corporation with an office and place of business located c/o Hapag-Lloyd (America), LLC, 399 Hoes Lane, Piscataway, NJ 08854 and at all relevant times was the owner and operator of the vessel BERLIN EXPRESS, and was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire

2

7.     Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

8.     At and during all the times hereinafter mentioned, the said M.V. Bremen Express was and now is a general ship employed in the common carriage of merchandise by water for hire and now is, or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

9.     In or about December 2016 the cargo shipper and/or its agents contracted with DCLto transport a consignment of Preparations used in Animal feedings from Springfield, KY, via Norfolk, Virginia to Haiphong, Vietnam. DCL contracted with NYK and HL to perform the actual ocean transit of the consignment of Preparations used in Animal feedings from Norfolk, Virginia to Haiphong, Vietnam.

10.     On or before December 14, 2016, a consignment consisting of 19 pallets of Preparations used in Animal feedings, then being in good order and condition, were loaded into a container that had been provided by DCL, namely TRLU94808654. On or about December 14, 2016, the aforementioned container was delivered into the custody and control of DCL, NYK, HL, and/or their respective agents in Norfolk, Virginia for transportation to Haiphong, Vietnam.

11.     The transportation of the consignment was all arranged in consideration of an agreed upon freight, and pursuant to DCL bill of lading numbered CVGHPH6909851D and NYK bill of lading numbered NYKCHISA2401700, both signed on or on behalf of the Master, each dated December 16, 2016, all of which relate to the 19 pallets of Preparations used in Animal feedings, loaded into container TRLU94808654, which was thereafter loaded aboard the M.V. BREMEN EXPRESS, defendants agreed to transport and carry the said shipment to the

3

port of discharge, Haiphong, Vietnam, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to the consignee named in said bills of lading.

12. Thereafter, said vessel and defendants failed to make delivery of the aforementioned shipment and the aforementioned container and consignment loaded therein was lost overboard and not delivered, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandize by water for hire.

13. The damage and loss of the aforementioned cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendants, the vessel and/or their respective agents.

14. Plaintiff sustained a loss in the amount of $83,056.00 due to the damage and loss of the aforementioned shipment, no part of which has been paid, despite due demand of the Defendants and said vessel.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $83,056.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District then all their properties within this District be attached in the amount of $83,056.00, with interest thereon and costs, the sum sued for in this Complaint;

4

3.      That judgment may be entered in favor of Plaintiff against Defendants, jointly and

severally, for the amount of Plaintiff's damages in the amount of at least $103,642.52, together

with interest, costs and the disbursements of this action; and

4.      That this Court grant to Plaintiff such other and further relief as may be just and

proper.

Dated: New York, New York
       December 7, 2017
       176-82

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                                By:  _____
                                        James P. Krauzlis
                                        305 Broadway, Suite 1202
                                        New York, New York 10010
                                        (212) 286-0225